UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES J. SIEVERT,

    Plaintiff,

  v.                 Case No. 07-C-340

JUDGE D. ZUIDMULDER and
DR. DIANE LYTTON,

    Defendants.

**ORDER**

  Plaintiff Charles J. Sievert, who is on supervised release under a civil commitment pursuant to Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), filed this action in which he claims his constitutional rights were violated when his petition for discharge from his commitment was improperly denied. Sievert sued Brown County Circuit Judge Donald Zuidmulder, who presided over his case, and Dr. Diane Lytton, who was appointed to examine him. Sievert has also filed a motion to proceed *in forma pauperis* even though he tendered a check for the $350 filing fee to the clerk when he filed his complaint. Because he has tendered the filing fee to the clerk, and thereby established that he has sufficient funds to pay for it, Sievert's motion to proceed *in forma pauperis* will be denied as moot. And because his complaint fails to state a claim upon which relief can be granted, his lawsuit will be dismissed.

  Sievert's complaint combines aspects of both habeas corpus and a claim under 42 U.S.C. § 1983. He seeks discharge from his commitment and damages for his loss of liberty. Regardless

of how it is analyzed, however, it is clear from the complaint and the attached documents that Sievert is not entitled to federal relief. To the extent the complaint is intelligible, it sets forth the plaintiff's disagreement with the proceedings that led to his continued supervised release. The proper course for such a plaintiff is not to sue the trial judge who presided over the case or the psychologist who examined him, but to appeal through the proper channels in state court. If his appeals in state court are unsuccessful, he may then bring an action in federal court for a writ of habeas corpus, assuming he can state a claim cognizable under § 2254.[1] But the complaint, as filed, does not indicate that plaintiff has appealed in the state courts. In fact, the transcript of the state court hearing at which Sievert's petition for discharge was denied, which is attached to his complaint, reveals that the decision was rendered on March 20, 2007. It is obvious that Sievert has not even begun to exhaust his state court remedies by appealing the ruling he asks this court to review. Thus, to the extent the case seeks habeas relief, it will be dismissed as premature.

To the extent the complaint attempts to seek damages for purported violations of his constitutional rights, it is dismissed for failure to state a claim. Plaintiff's first hurdle comes from *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), where the Supreme Court held that a person convicted of a crime has no claim for relief under § 1983 if granting such relief would necessarily imply the invalidity of the underlying conviction, unless the conviction has been reversed or otherwise set aside. Although Sievert is being detained as a civil committee pursuant to Wis. Stat. Ch. 980 rather than as a convicted criminal, *Heck* has been held to apply to civil committees who have access to habeas relief (as Sievert does). *E.g., Huftile v. Miccio-Fonseca*, 410 F.3d 1136,

---

[1] Sievert is also advised that requests for habeas relief must be made using either the standard form, which is available upon request from the Clerk of Court, or a substantially similar form. Rule 2 of Rules Governing Section 2254 Cases.

1139-40 (9th Cir. 2005). In other words, success on Sievert's damage claims would necessarily imply the invalidity of his confinement, and thus those claims are not cognizable at this time in a § 1983 action. Moreover, even if plaintiff could get around *Heck*, his claim fails because he has sued individuals who are immune from liability for their involvement in the legal proceedings he is challenging. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ...."); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that 42 U.S.C. § 1983 does not authorize a convicted state defendant to assert a damages claim against a witness for giving perjured testimony at trial). Thus, to the extent Seivert intends to proceed under § 1983, his complaint fails to state a claim upon which relief can be granted.

**THEREFORE, IT IS ORDERED** that plaintiff's complaint is dismissed for failing to state a claim, but without prejudice as to a potential habeas claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is denied as moot since plaintiff has already paid the filing fee.

Dated this ___17th___ day of April, 2007.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge